Robert D. TROWER, et al.,
Plaintiffs-Appellants,

v.

Jim MAPLE, District Attorney of Brazoria County, Texas,
Defendant-Appellee.

No. 84–2652
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1985.

Charles R. Chesnutt, III, Dallas, Tex., for plaintiffs-appellants.

Jim Mattox, Atty. Gen., Fernando C. Gomez, J. Patrick Wiseman, Austin, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

## OPINION

ALVIN B. RUBIN, Circuit Judge.

The State of Texas is prosecuting two sets of parents for failing to send their children to school. The parents seek to enjoin that prosecution on the basis that it is being conducted in retaliation for the exercise of the parents' constitutional rights. The district court found that the parents had not proved the existence of a retaliatory motive or some other factual basis that would justify enjoining the state prosecution. Because this finding of fact is amply supported by the record, we affirm.

The Texas Educational Code, § 4.25, requires parents to send their children to school. Violation of the requirement is a misdemeanor, for which the maximum penalty is a fine of $25. Two sets of parents enrolled their children in the Liberty Academy, a correspondence school in Illinois that uses parents as the primary instructors of their children. After the school superintendent had informed the Brazoria County district attorney that two families of children were not being sent to school, both sets of parents were prosecuted for violation of the statute. The defendants filed a motion for dismissal of the prosecution based upon the state's failure to file the information required for prosecution in cases of this type.

Alleging threats by the prosecution that, if their motion to dismiss were not withdrawn and, as a result, the first case was dismissed, the state would file an information, commence a second prosecution, and arrest them, the parents filed suit in federal district court seeking to enjoin the district attorney from any subsequent prosecution. They also alleged that the state statute is unconstitutional both because it is vague in failing clearly to define "school" and because it violates their first amendment rights to the free exercise of religion. They sought a preliminary injunction against state enforcement of the statute by means of any subsequent prosecutions, a trial on the merits, and a permanent injunction. They did not, however, seek an injunction against the state proceedings then pending.

The district attorney filed a motion to dismiss the federal suit based on the *Younger v. Harris*[1] doctrine of federal equitable restraint. The trial court granted the motion. Meanwhile, the first state action had been dismissed, the state had filed a bill of information, and the parents had been arrested. On appeal we vacated the judgment, 738 F.2d 435, and directed the lower court to hold a hearing as to whether the state prosecution "was conducted in good faith."

After an evidentiary hearing, the trial court found that the parents had not met the burden of showing bad faith and ordered dismissal.

"[T]he possible unconstitutionality of a statute ... does not in itself justify an injunction against good-faith attempts to enforce it," the Supreme Court held in *Younger v. Harris*.[2] To justify a federal court's enjoining a state prosecution "the threat to the plaintiff's federally protected

---

1. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

2. 401 U.S., at 54, 91 S.Ct. at 755, 27 L.Ed.2d 669 (1971).

rights must be one that cannot be eliminated by his defense against a single criminal prosecution."[3] The "availability of injunctive relief against state criminal prosecutions" should be "confined very narrowly."[4]

■ The parents did not seek to enjoin the initial state prosecution and they do not challenge the good faith of the institution and conduct of the second prosecution. Instead, they allege that the attorney who prosecuted the initial case acted in bad faith when she told them that, if they did not withdraw their motion to quash and the case was dismissed, an information would be filed and they would be arrested. They argue that the right to pursue a motion to quash is constitutionally protected and that the alleged threat can be construed as a threat to retaliate against them for exercising that constitutional right. They conclude that this alleged threat entitles them to a federal injunction against a good faith state prosecution. They cite no authority that would permit a federal court to enjoin a valid state court proceeding instituted in good faith merely because of conduct by a state official involved in that proceeding.

■ Even if a federal injunction were available as a sanction for the misconduct of a state officer, the federal court's dismissal was proper. There was contradictory evidence concerning whether or not what the prosecuting attorney said constituted a threat to retaliate. The court found that "the plaintiffs have not met their burden of showing bad faith, harassment, or any other unusual circumstance that would justify this Court issuing an injunction." This is a finding of fact that cannot be set aside unless it is clearly erroneous.[5]

There was evidence that the prosecution was instituted by the school superintendent; unusual measures were taken to protect the rights of the parents before the first prosecution; and the decision to arrest the parents when the second prosecution was filed, rather than to issue a summons as was done in the first case, was made by a judge, not a prosecutor. Although an arrest warrant was in fact issued, it was never served and special action was taken to ensure that no deputy was sent out to the parents' homes to bring them in. The "arrests" consisted of the parents being sent notification through the mail that they should turn themselves in; when they did so they were fingerprinted, processed, and released on their own recognizance without ever being incarcerated.

■ A finding is not clearly erroneous unless a reviewing court is left with a definite and firm conviction that a mistake has been committed.[6] We have no such impression, let alone conviction. The alleged unconstitutionality of the statute should be asserted as a defense in the state court proceeding.

For these reasons, the judgment is affirmed.

---

**3.** *Id.,* 401 U.S. at 46, 91 S.Ct. at 751.

**4.** *Id.,* 401 U.S. at 53, 91 S.Ct. at 755.

**5.** Fed.R.Civ.P. 52(a).

**6.** *Smith v. Hightower,* 693 F.2d 359, 370 (5th Cir.1982).